Filed 10/1/14  In re Mark A. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re MARK A., a Person Coming Under the Juvenile Court Law. | B255260<br>(Los Angeles County<br>Super. Ct. No. VJ43751) |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MARK A.,<br><br>      Defendant and Appellant. | |

THE COURT:[*]

Appellant Mark A. (minor) appeals his judgment declaring him to be a ward of the juvenile court.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On June 19, 2014, we notified minor of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and

---

[*]     BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

minor has submitted no brief or letter. We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

A petition filed pursuant to Welfare and Institutions Code section 602 alleged that minor had committed the crime of possession of marijuana for sale, in violation of Health and Safety Code section 11359, a felony. After hearing the evidence, on March 26, 2014, the juvenile court sustained the petition, declared minor a ward of the juvenile court, placed him at home on probation under specified conditions, and awarded custody credit of one day. Minor filed a timely notice of appeal from the judgment.

The evidence at trial showed that on August 20, 2013, minor was sitting in a pick-up truck in a public park, smoking marijuana with two friends when police came upon him. Minor admitted that the backpack found in the truck was his along with its contents: two sandwich bags, three small baggies, and a digital scale. Each sandwich bag contained marijuana in different amounts (27 grams, 25 grams and 1.1 grams). Other marijuana found in the car belonged to one of the other occupants. Minor also admitted ownership of a pipe found in the truck. Downey Police Officer Boady Sherman testified as the prosecution expert in narcotics sales. Given a hypothetical question mirroring the facts in evidence, Officer Sherman gave his opinion that the marijuana found in the backpack was possessed for purposes of sale.

Minor testified that the marijuana was for his personal use, that he had purchased it that day for $350, saved from his allowance, and that he intended it to last him the rest of the summer. Minor claimed that he had originally acquired the scale for a chemistry class, but kept it to weigh the marijuana to make sure he received the correct amount at the time of purchase. Minor claimed that the small baggies were left over from prior uses and that he had forgotten to discard them. Minor denied that he had sold any of the marijuana or that he intended to sell it, but admitted that he told the arresting officer that if someone asked to buy some of his marijuana he would make the sale.

We have examined the entire record and are satisfied that minor's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. We conclude that minor has, by virtue of counsel's compliance with the *Wende* procedure

2

and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.